## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EMPIRE GROUP, LLC** | : | **CIVIL CASE NO.**_____ |
| | : | |
| **VERSUS** | : | **JUDGE** _____ |
| | : | |
| **FORTEGRA SPECIALTY** | : | **MAG. JUDGE** _____ |
| **INSURANCE COMPANY** | : | |
| | : | |

## COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Empire Group, LLC, a Louisiana limited liability company, and petitions the Court for the recovery of damages, statutory penalties, and other relief and remedies prayed for herein, on the following grounds and for the following reasons:

1.

Made Defendant herein is:

**FORTEGRA SPECIALTY INSURANCE COMPANY ("FORTEGRA"),** a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State.

## JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction in accordance with 28 U.S.C. § 1332.

3.

Plaintiff is a citizen of the State of Louisiana. On information and belief, FORTEGRA is a corporation formed and headquartered in the State of Arizona. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

This Court has personal jurisdiction over FORTEGRA. FORTEGRA issued the policy of insurance upon which this suit is based to Plaintiff, insuring Plaintiff's properties located at the following locations:

     a.    2500-2502 Freret Street in New Orleans, Louisiana;

     b.    2504-2506 Freret Street in New Orleans, Louisiana;

     c.    2508-2510 Freret Street in New Orleans, Louisiana;

     d.    2512-2514 Freret Street in New Orleans, Louisiana;

     e.    2516-2518 Freret Street in New Orleans, Louisiana;

     f.    2520-2522 Freret Street in New Orleans, Louisiana; and

     g.    2528-2530 Freret Street in New Orleans, Louisiana.

## CAUSES OF ACTION

6.

FORTEGRA insured Plaintiff under Policy No. LLP1500002-00, which policy was in full force and effect on August 29, 2021.

7.

Plaintiff's properties were damaged by, and have suffered a diminution in value as a result of, Hurricane Ida on August 29, 2021.  On October 21, 2021, FORTEGRA adjusted four of Plaintiff's property damage as follows:

     a.    FORTEGRA adjusted the loss and determined the total damage to the 2500-2502 Freret Street property from Hurricane Ida to be $32,090.24;

     b.    FORTEGRA adjusted the loss and determined the total damage to the 2508-2510 Freret Street property from Hurricane Ida to be $51,230.30;

    c.     FORTEGRA adjusted the loss and determined the total damage to the 2512-2514 Freret Street property from Hurricane Ida to be $5,789.53; and

    d.     FORTEGRA adjusted the loss and determined the total damage to the 2520-2522 Freret Street property from Hurricane Ida to be $81.67.

8.

These adjustments were the product of a September 30, 2021, inspection by FORTEGRA. Although Plaintiff's instructions were for FORTEGRA to adjust all of the properties for which Plaintiff paid premiums under the policy of insurance, FORTEGRA failed entirely to adjust three (3) properties that were covered under the policy and significantly damaged by Hurricane Ida, to wit: 2504-2506 Freret Street, 2516-2518 Freret Street, and 2528-2530 Freret Street.

9.

Plaintiff repeatedly explained to FORTEGRA that these properties were covered under the insurance policy and were, therefore, part and parcel of the Hurricane Ida claim. After months of delay, FORTEGRA finally attempted to adjust the three properties, but would only do so using a separate claim number, a violation of both the insurance policy and Louisiana law. To date, FORTEGRA still has not initiated adjustment of these three (3) properties.

10.

The four adjustments that FORTEGRA did conduct were unreasonably low and unrealistic and gave Plaintiff no opportunity to conduct the repairs needed to return the properties to their pre-hurricane condition.

11.

On January 24, 2022, Plaintiff provided FORTEGRA with estimates of the costs to repair the damages caused by Hurricane Ida to all of the properties FORTEGRA contracted to insure, as follows:

     a.    The damage to the 2500-2502 Freret Street property totaled $160,483.05;

     b.    The damage to the 2504-2506 Freret Street property totaled $158,608.55;

     c.    The damage to the 2508-2510 Freret Street property totaled $153,724.76;

     d.    The damage to the 2512-2514 Freret Street property totaled $156,081.28;

     e.    The damage to the 2516-2518 Freret Street property totaled $157,169.02;

     f.    The damage to the 2520-2522 Freret Street property totaled $155,048.00; and

     g.    The damage to the 2528-2530 Freret Street property totaled $115,449.58.

12.

These estimates submitted to FORTEGRA by Plaintiff constituted satisfactory proofs of loss under Louisiana law. FORTEGRA has neglected to pay these amounts it owes to insured within the time periods required by law.

13.

La. R.S. 22:1892 obligates an insurer to pay a property damage claim "within 30 days after receipt of satisfactory proof of loss of that claim."  In addition, La. R.S. 22:1973 states that "failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing, when the failure is arbitrary, capricious, or without probable cause."  FORTEGRA has violated both of these statutory obligations and duties in its dealings with Plaintiff.

14.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured.  An insurer like FORTEGRA is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue."  FORTEGRA has misrepresented pertinent facts and insurance policy provisions in its dealings with Plaintiff by representing that the original estimates for each property were fair estimates of the damages caused by Hurricane Ida. FORTEGRA misrepresented pertinent facts by neglecting to adjust the loss to all of the buildings that were covered under the policy and part of Plaintiff's Hurricane Ida claim.

15.

FORTEGRA has failed to pay amounts due to its insured sixty (60) days after receipt of satisfactory proof of loss.  FORTEGRA's failure to do this has been arbitrary, capricious, and without probable cause.  FORTEGRA had satisfactory proof of the losses upon its initial inspection of the premises, as well as upon its January 24 receipt of Plaintiff's estimates, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm.

16.

Due to its failure to pay the full extent of Plaintiff's property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims, FORTEGRA is liable to Plaintiff for penalties, attorney's fees, and costs under La. R.S. 22:1892.

17.

FORTEGRA's failure to fairly and promptly adjust the full extent of Plaintiff's claim has caused damages to Plaintiff in the form of lost rental income; additional time delays associated

with repairing its property; other associated damages caused by FORTEGRA's delay; and attorney's fees and costs.

18.

WHEREFORE, Plaintiff, Empire Group, LLC, prays there be judgment in its favor and against Defendant, Fortegra Specialty Insurance Company, as follows:

(1)    Finding Defendant FORTEGRA liable to Plaintiff for statutory penalties, damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding same to Plaintiff;

(2)    For specific damages and general damages, including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid;

(3)    For any and all other relief that is justified under law and equity.

Respectfully submitted,

LUNDY, LUNDY, SOILEAU & SOUTH, LLP

By:  /s/  T. Houston Middleton, IV
      MATTHEW E. LUNDY (#18988)
      T. HOUSTON MIDDLETON, IV (#33281)
      NICHOLAS J. KOHRS (#33926)
      DANIEL A. KRAMER (#34624)
      GARY L. BLANCHARD (#39805)
      501 Broad Street (70601)
      P.O. Box 3010
      Lake Charles, LA 70602-3010
      mlundy@lundylawllp.com
      hmiddleton@lundylawllp.com
      nkohrs@lundylawllp.com
      dkramer@lundylawllp.com
      gblanchard@lundylawllp.com
      (337) 439-0707 - Telephone
      (337) 439-1029 - Facsimile
      *Attorneys for Plaintiff, Empire Group, LLC*

**SERVICE INSTRUCTIONS:**

**Fortegra Specialty Insurance Company**
Through its Agent for Service of Process,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809